STATE of Alaska, Appellant,

v.

Robert BERNARD, Rene Hernandez, and Roland Voisine, Appellees.

No. 4591.

Supreme Court of Alaska.

March 20, 1981.

---

**312**

John G. Gissberg, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellant.

Stephen Alan McAlpine and James D. Ginotti, Law Offices of James D. Ginotti, Valdez, for appellees.

## OPINION

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

PER CURIAM.

The decision of the superior court is affirmed for the reasons expressed therein. The decision is set forth in the Appendix.

AFFIRMED.

RABINOWITZ, C. J., dissents.

RABINOWITZ, Chief Justice, dissenting.

I am of the opinion that the superior court erred in dismissing the charges against Robert Bernard and the other appellees in this case.

In my view, interpreting the regulation to require measurements from the rear of the eye notch rather than to some indefinable point between the medial and lateral spines is the correct construction of the text of the regulation. Former 5 AAC 34.220 provided, in relevant part:

> The minimum legal size for blue king crab is five inches (127 mm) in *length of shell* as measured *from* the eye notch *to* the rear center of the carapace. (emphasis added)

That regulation was in effect at the time appellees were charged with taking undersized crab.

A person measuring from the eye notch to the rear of the shell would necessarily begin measuring at a specific point because of the configuration of a blue king crab's shell, the only specific point available is the rear of the eye notch. Second, the regulation instructs the crabber to measure the length of shell. There is no shell "within the eye notch" where appellee crabbers were measuring their crabs. The length of the shell can only be measured from one edge of the shell to another. A measurement that extends beyond the edge of the shell "within the eye notch" measures a distance longer than the length of the shell at that point.

In light of the purpose of the minimum size requirement, I conclude that former 5 AAC 34.220 was not vague or ambiguous, and would therefore reverse the superior court's dismissal of the charges and affirm the district court's denial of the motion to dismiss.

## APPENDIX

*Memorandum Decision On Petition For Review*

Defendants in the above-entitled action have petitioned this court for review of an order of the District Court, Bosshard J., denying their motion to dismiss the action. The petition for review is sought pursuant to Dist.Ct.Crim.R. 3(b) and Dist.Ct.Civ.R. 31. This court concludes that the petition for review is properly before this court pursuant to Dist.Ct.Civ.R. 31(b)(1) and (2).

Petitioners advance three grounds for their conclusion that the District Court's denial of their motion to dismiss, by written order dated December 9, 1978, was error.

(1) That the regulation was vague and does not prohibit defendants' conduct;

(2) That the regulation as written allows arbitrary enforcement; and

(3) That the regulation does not give adequate notice as to what conduct is prohibited by the regulation.

The regulation under which an offense is charged is 5 A.A.C. 34.200:

> Size Limits: The minimum legal size for blue king crab is 5 inches (127 mm) in length of shell as measured from the eyenotch to the rear center of the carapace.

Petitioners and other fishermen generally measure the crabs with calipers. The facts indicate that the measurement is made by placing one side of the calipers at the rear center of the carapace and then placing the other end at the eyenotch. If the caliper

falls *within* the eyenotch and remains there when the caliper is turned between the center medial spine and the primary lateral spine, then the crab is considered a keeper. If it does not remain within the eyenotch, the crab is thrown back.

It is the position of the Division of Fish and Wildlife Protection that the correct method of measurement under the regulation is from the *rear* of the eyenotch to the rear center of the carapace. Petitioners here are charged with taking the crabs which, though of proper length by their measurement, are too small by Fish and Wildlife's interpretation of the regulation.

■ As thus stated, it is clear that the resolution of the central issue in the case. is a matter of construction of 5 A.A.C. 34.200. It is axiomatic that

[a] vague, imprecise, indefinite or ambiguous regulation, the breach of which carries a criminal penalty, should be strictly construed in favor of the accused.

*Theodore v. State,* 407 P.2d 182, 189, *cert. denied,* 384 U.S. 951, 86 S.Ct. 1570, 16 L.Ed.2d 547 (1966).

■ Here, the regulation is clearly capable of being logically interpreted by either the method ascribed to by the petitioners or that insisted upon by the State. Where a regulation is capable of two or more equally logical interpretations, it is ambiguous.

■ The District Court found that it is necessary to have a precise beginning point and a precise ending point to measure the precise length of something. It also found that the only way of fulfilling the need for precise beginning and ending points was to begin from the bottom of the eyenotch and measure to the rear center of the carapace. While this method of measurement is admirable in its logic, there is nothing in the regulation which dictates this method of measurement or prohibits that used by the petitioners. That one form of measurement is more logical than the other does not cure the ambiguity of the regulation when the less logical method is not strained or outlandish.

Similarly, the policy arguments raised by the State through the affidavit of Al Kimker, a Fish and Wildlife biologist, while interesting, are speculative and cannot be read into the regulation as an afterthought to save it. The State has broad regulatory powers over the fishing industry. *State v. Bundrant,* 546 P.2d 530 (Alaska 1976); *Nathanson v. State,* 554 P.2d 456 (Alaska 1976). Such powers should be exercised through clear, correctly promulgated regulations.

Since 5 A.A.C. 34.200 is ambiguous in regard to the proper method of measurement, this court must construe it in favor of petitioners and their adopted method of measurement. It is, therefore, necessary to reverse the District Court and order the action dismissed. Because of this ruling, it is unnecessary to reach any of the other arguments advanced by the petitioners.

Based on the foregoing,

IT IS ORDERED that the cases are remanded to the District Court with orders to dismiss the actions against petitioners.

DONE at Anchorage, Alaska, this 5th day of February, 1979.

/s/ Ralph E. Moody,
Presiding Superior Court Judge